## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF INDIANA

## SOUTH BEND DIVISION

Daniel J. Bergeson and Joette M. Gdovan,
individuals,

      Plaintiffs,

vs.                                                                  Cause No.:

REV Recreation Group, Inc.,
a Foreign Profit Corporation,

      Defendant.

_____

## JURY TRIAL DEMANDED
## COMPLAINT AND JURY DEMAND

      NOW COME Plaintiffs, Daniel J. Bergeson and Joette M. Gdovan, by and through their

attorneys, Lemon Law Group Partners PLC, and submit the following as their Complaint against

Defendant REV Recreation Group, Inc.

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiffs Daniel J. Bergeson and Joette M. Gdovan are individuals residing at 29 Old

    Shandon Circle, Columbia, South Carolina 29205.

2.  Defendant REV Recreation Group, Inc. (hereinafter "Defendant REV") is a foreign profit

    corporation doing business throughout the State of Indiana.  This Defendant may be

    served through its registered agent, CT Corporation System, 334 North Senate Avenue,

    Indianapolis, Indiana 46204

3. The transactions and occurrences involved in this action took place in the State of Indiana, County of Elkhart.

**COMMON AVERMENTS**

4. On or about January 6, 2024, Plaintiffs purchased a new 2023 American Coach Patriot FD2 144 motorhome, VIN:  W1X4EBHY2NT108893 (the "Subject Vehicle").  Please see Exhibit A:  Purchase Agreement.

5. At the time of purchase, the Subject Vehicle was accompanied by a factory warranty which, in relevant part, provided for a 3 (three) year / 36,000 mile bumper-to-bumper warranty (the "Warranty").  Please see Exhibit B:  Pertinent Portion of Warranty. Warranty in its entirety is in Defendant's possession.

6. The Subject Vehicle was purchased primarily for personal, family, and/or household purposes.

7. Defendant Manufacturer's warranty covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

8. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

9. Shortly after purchase, Plaintiffs noticed numerous defects in the vehicle, including but not limited to air conditioning failing repeatedly despite numerous repair attempts, condenser defects necessitating multiple replacements, roof air conditioning defects, compressor excessively loud, dashboard air conditioning vents blow hot air when set to low temperatures, and air conditioning defects persist despite numerous repair attempts and part replacements.  Plaintiffs returned the vehicle to an Authorized Dealership for repair on at least 4 (four) occasions.  Please see Exhibit C:  Repair Orders.

2

10. Subject Vehicle has been out-of-service for numerous days for the aforementioned repairs. Please see Exhibit C.

11. Despite the prolonged time during which the Subject Vehicle has been out-of-service, Defendant Manufacturer has failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein.

12. The defects experienced by Plaintiffs with the Subject Vehicle substantially impaired its use, value, and safety to the Plaintiffs, and have shaken the Plaintiffs' faith in the vehicle to operate as designed.

13. Despite Plaintiffs' repeated efforts to allow Defendant Manufacturer the opportunity to conform the Subject Vehicle, many nonconforming and defective conditions were not repaired, and still exist.

14. The Vehicle still has issues including air conditioning defects.

15. Plaintiffs directly notified Defendant of the defective conditions of the vehicle on numerous occasions and that they desired a buy-back of the Subject Vehicle, wherein Defendant failed and refused to buy back Plaintiffs' defective Vehicle and to reimburse Plaintiffs pursuant to their rights under State and Federal Laws.  Please see Exhibit D: Written Notification.

16. This cause of action arises out of the Defendant's Breach of Warranty and violation of the Federal Magnuson-Moss Warranty Act as set forth in this Complaint.

17. Plaintiffs seek judgment against Defendant in whatever amount Plaintiffs are entitled to, including equitable relief, consequential damages, along with the costs and expenses of this action.

18. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

## COUNT I
## BREACH OF FACTORY WARRANTY

19. Plaintiffs fully repeat and incorporate Paragraphs 1 through 18, as set forth above.

20. Defendant REV extended to Plaintiffs a 3 (three) year / 36,000 mile bumper-to-bumper warranty ("Warranty").

21. Plaintiffs, seeking to repair the Subject Vehicle, attempted to exercise Plaintiffs' rights under the Warranty.

22. Defendant REV has failed to honor the terms of the Warranty.

23. Defendant REV has failed or refused to repair the issues which include air conditioning defects.

24. As a result of the actions set forth above, Defendant REV has breached its warranty.

25. As a result of Defendant REV's breach of warranty, Plaintiffs have suffered and will continue to suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendant REV in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

## COUNT II
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

26. Plaintiffs fully repeat and incorporate Paragraphs 1 through 25, as set forth above.

27. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

28. Plaintiffs are "consumer"s as defined by 15 USC § 2301(3).

29. Defendant REV is a "supplier" and "warrantor" as defined by 15 USC § 2301(4)(5).

30. The Subject Vehicle is a "consumer product" as defined by 15 USC § 2301(6).

31. 15 USC § 2310(d)(1)(A), requires Defendant REV, as a warrantor, to remedy any defects, malfunction or non-conformance of the Subject Vehicle within a reasonable time and without charge to Plaintiffs, as defined in 15 USC § 2304(d).

32. The actions of Defendant REV as hereinabove described, in failing to tender the Subject Vehicle to Plaintiffs free of defects and refusing to repair or replace the defective vehicle tendered to Plaintiffs, constitute a breach of the written warranties covering the Subject Vehicle; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

33. Despite repeated demands and despite the fact that the Plaintiffs have complied with all reasonable terms and conditions imposed upon them by Defendant REV, Defendant REV has failed and refused to cure any defects and non-conformity with the Subject Vehicle.

34. As a result of Defendant REV's breach of factory warranty as set forth above, and Defendant REV's failure to honor its obligations under its warranties, Plaintiffs have suffered and will continue to suffer damages as enumerated above.

35. Defendant REV had a reasonable opportunity to remedy the defects in the vehicle but has failed to do so, thereby entitling Plaintiffs to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

36. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment as follows:

(1)     For actual damages according to proof at trial;

(2)     For a refund of the purchase price of Subject Vehicle;

(3)     For Defendant REV to accept return of Subject Vehicle;

(4)     For attorney's fees and costs of suit incurred herein;

(5)     For such other and further relief as the court deems just and proper under

         the circumstances;

(6)    That all issues be tried before a jury.


Dated: February 3, 2025

                                    Respectfully submitted,

                                    LEMON LAW GROUP PARTNERS PLC

                                         /s/  Sara Brooks
                                    By:  _____
                                         Sara Brooks, Esq. (30249-49)
                                         Lemon Law Group Partners PLC
                                         48 North Emerson Avenue, Suite 400
                                         Greenwood, Indiana 46143
                                         Telephone No.: (888) 415-0610
                                         Facsimile No.: (305) 786-5842
                                         sarab@lemonlawgrouppartners.com
                                         eservice@lemonlawgrouppartners.com